UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOSEPH BIANCAMANO,

                            Plaintiff,          **COMPLAINT
                                                       AND JURY DEMAND**

      -against-

BRUNELLO CUCCINELLI, USA, INC. and
CUCINELLI HOLDING CO., LLC,

                           Defendants.
------------------------------------------------------X

## NATURE OF THE ACTION

1.     Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid wages from defendants for overtime work for which he did not receive overtime premium pay, as required by law, and entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§216(b).

2.     Plaintiff further complains that he is entitled to back wages from defendants for overtime work for which he did not receive overtime premium pay and spread of hours pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

4.     Venue is proper in this district pursuant to 28 U.S.C. §1391.

## THE PARTIES

5. Plaintiff, Joseph Biancamano was, at all relevant times, an adult individual, residing in Brewster, New York.

6. Upon information and belief, defendant Brunello Cuccinelli, USA, Inc. ("Brunello Cuccinelli") is a New York corporation, with its principal place of business at 7 Sutton Place, Brewster, New York.

7. Upon information and belief, defendant Cuccinelli Holding Co., LLC ("Cuccinelli Holding") is a New York corporation, with its principal place of business at 7 Sutton Place, Brewster, New York.

8. Upon information and belief, based upon publicly available financial statements, Brunello Cuccinelli and Cuccinelli Holding are joint employers of plaintiff because Cuccinelli Holding is a subsidiary of Brunello Cuccinelli with common ownership, management and control in that both defendants are controlled directly or indirectly by an Italian corporation, Brunello Cuccinelli, S.p.A.

9. Upon information and belief, Cuccinelli Holding was established to handle the warehouse and inventory operations for Brunello Cuccinelli's United States retail operations.

## STATEMENT OF FACTS

10. At all relevant times, defendants were engaged in importing and selling Italian-made clothing in the United States.

11. Beginning in 2008 and continuously until his termination in 2016 plaintiff was employed full time in defendants' warehouse in Brewster, New York.

12. Between 2008 and 2011 plaintiff's paychecks were issued by Brunello Cuccinelli.

13. Beginning in 2012, plaintiff's paychecks were issued by Cuccinelli Holding but there was no material change in defendants' operations or in the terms and conditions of plaintiff's employment.

14. At all times since 2008 plaintiff primarily performed the manual labor involved in organizing merchandise, including constructing and arranging shelving in the warehouse, constructing and stocking new stores, taking inventory of merchandise, loading and unloading merchandise and transporting the merchandise to retail locations primarily in Manhattan.

15. Although plaintiff was given the title of manger or warehouse manager, any supervisory duties performed by plaintiff were purely tangential to his primary job functions.

16. Apart from two or three instances where plaintiff was asked by his supervisors to be involved in selecting part time workers mostly on a seasonal basis, plaintiff was never responsible for hiring or firing employees of defendants, lacked authority to hire and fire and did not provide any meaningful input into hiring and firing and the terms and conditions of the employment of the other warehouse employees. Such tasks were handled by plaintiff's supervisors with no meaningful input from plaintiff.

17. Plaintiff's job duties required little skill and did not involve the exercise of independent judgment insofar as he was subject to direct supervision by his superiors.

18. During plaintiff's employment with defendants, plaintiff typically worked in excess of forty hours a week totaling in excess of 500 overtime hours per year, yet the defendants willfully failed to pay plaintiff's overtime compensation of one and one-half times his regular hourly rate.

19. While plaintiff's regular work schedule was supposed to be 9 AM to 5PM and subsequently 9 AM to 5:30PM, five days per week, certain tasks or operations required by

defendants to be performed on a regular basis required plaintiff to work more than 40 hours per week and was regularly required to work more than ten hours in a single work day.

20. For example, plaintiff was required to deliver products to retail locations, pick-up unsold products at retail locations, set-up trunk sales, including delivering products and visual aid materials, deliver products and tables to department and other third party store locations, set-up and attend sample sales, press sales and friends and family sales, assist in opening new stores, and conduct periodic physical inventories of all stores, all tasks which required him to work a minimum of 12 hours per day

21. In addition, plaintiff was also required to routinely perform warehouse maintenance tasks on Saturdays.

22. Plaintiff was terminated from his employment on or about August 30, 2016.

23. Throughout all relevant time periods, upon information and belief, and during the course of plaintiff's employment, the defendants failed to maintain accurate and sufficient time records of plaintiff's time.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT**

24. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

25. At all relevant times, defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

26. Upon information and belief, at all relevant times, based upon publically available combined financial statements issued by defendants, defendants have had gross revenues in excess of $500,000.

27. During the course of plaintiff's employment the defendants had a policy and practice of refusing to pay overtime compensation to plaintiff and other employees for their hours worked in excess of forty hours per workweek.

28. Although defendants, upon a prior complaint, began paying overtime to certain employees, failed and refused to pay plaintiff overtime except for a brief period in 2011.

29. As a result of defendants' willful failure to compensate its employees, including plaintiff, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the defendant has violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

30. As a result of defendants' failure to record, report, credit and/or compensate its employees, including plaintiff, the defendant failed to make, keep and preserve records with respect to its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

31. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

32. Due to defendants' FLSA violations, plaintiff is entitled to recover from the defendants, his unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK LABOR LAW**

33. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

34. At all relevant times, plaintiff was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

35. Defendants willfully violated plaintiff's rights by failing to pay him overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law and its regulations.

36. Due to defendants' New York Labor Law violations, plaintiff is entitled to recover from defendants his unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

37. The foregoing constitutes willful violation of New York Labor Law § 198(1-a).

## PRAYER FOR RELIEF

38. Wherefore, plaintiff respectfully requests that this Court grant the following relief:

    a. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

    b. An award of liquidated and/or punitive damages as a result of the defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and New York Labor Law § 198(1-a);

    c. An award of prejudgment and postjudgment interest;

    d. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    e. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: Garden City, New York
October 24, 2016

JASPAN SCHLESINGER LLP
Attorneys for plaintiff

By: /s/Laurel R. Kretzing
LINDA S. AGNEW
LAUREL R. KRETZING
300 Garden City Plaza, 5th Floor
Garden City, New York 11530
(516) 746-8000